Judge Owsley
delivered the opinion of the court.
This is an appeal from the Fayette circuit court, rende *192 red against Shatzell in an action brought against him by Hart.
A bill of lading subscribed by the owner of the boat and the master, is evidence against the owner of the goods freighted as to their amount, but not being signed by the owner of the goods cannot be declared on.
A demand for freight cannot, in principle, be distinguish'd from the ordinary case of "work and labor done and though a pl'tf may fail in supporting a special count, he may resort to a general one.
The declaration contains three counts;—the first and second are upon the special undertaking of Shatzell to pay Hart for his services in freighting from this country to the city of New-Orleans, a quantity of hempen yarns;—and the third is upon a quantum meruit for Hart’s services in freighting the yarns.
In the progress of the trial had in that court, upon the general issue, a bill of lading signed by Hart and a certain Harris, master of the boat for the purpose of the voyage, was introduced by Hart as evidence; but its admission was objected to by Shatzell, on the ground of its containing a specific written agreement not declared on by Hart; but the objection was overruled, and the bill of lading read in evidence.
We have no doubt the court decided correctly in allowing the bill of lading to be used in evidence. It was certainly evidence of as high and satisfactory character as could have been introduced, to prove the quantity of yarns received by Hart for the purpose or freight; and as it appears not to have been signed by Shatzell, it could not form, the foundation of an action in which Hart could have declared upon it.
After the evidence was gone through in the circuit court, Shatzell moved the court to instruct the jury as in case of a non-suit:—1. Upon the ground that the proof did not support the declaration:—and 2. On the ground, that, upon the case made out in evidence, the plaintiff, Hart, had alien upon the yarns for his freight, and having delivered them to the consignee in New-Orleans, thereby waived his right of recourse against Shatzell. The motion was, however, overruled, and exceptions taken to the decision of the court.
Considered as an ordinary case, for work and labor, it is plain the court decided correctly in supposing the evidence supported the declaration. The promise of Shatzell that the consignee, Craig, should pay Hart for his services upon the delivery of the yarns in New-Orleans, is clearly and unquestionably proven; and although the evidence may not have authorised a recovery upon either of the special counts, yet as the contract is proven to have been executed on his part, unless the circumstance of the services being performed in the carrying of produce distinguishes his claim *193 from the common cases of work and labor, there is no doubt but, according to the settled course of decisions in this court, he may recover on the general count And that the circumstance of his claim being for services in freighting, does not change the principles of practice regulating the manner of asserting Hart’s claim for compensation, we can perceive no reason to doubt. Shatzell’s means of defence was as ample, and his danger of surprise no greater, than exists in every case in proceeding upon general counts.
A person freighting goods may have a lien thereon for the price of his services; but he may waive that lien and resort to his action.
Hardin for plaintiff, Haggin and Wickliffe for defendant in error.
Nor do we perceive the force of the objection taken to Hart’s right to recover on the ground of his having a lien upon the produce freighted. It was certainly competent for Shatzell by contract to bind himself to pay for the freight; and having, as is proven, done so, Hart cannot have been bound to pursue his remedy (if any such he had) upon the lien, but was clearly entitled to assert his claim against Shatzell upon the contract.
The circuit court, therefore, correctly refused to instruct the jury to find as in case of a non-suit; and the judgment must, consequently, be affirmed with cost and damages.